IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| J.C. FLORES,<br><br>    Plaintiff,<br><br><br><br>        vs.<br><br><br>UNITED STATES OF AMERICA,<br><br><br>    Defendant, | **ORDER DENYING MOTION<br>UNDER 28 U.S.C. 2255**<br><br><br>Judge Dee Benson<br><br><br>Case No. 2:08-CV-212 DB<br>*Related Case No.* 2:06-CR-32 DB |

       J.C. Flores, a federal inmate appearing *pro se*, brings before the Court his motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Mr. Flores challenges (1)

the government's recommendation of a four-level enhancement for his leadership role, and (2)

the restitution amount ordered by the Court.  After considering the parties' briefs and the record

in this case, the Court denies Mr. Flores's motion.

## I.  Background

       On August 9, 2007, Mr. Flores entered a plea of guilty to one count of Conspiracy to

Conduct the Affairs of an Enterprise through a Pattern of Racketeering Activity, 18 U.S.C. §

1962(d), and two counts of Aggravated Identity Theft, 18 U.S.C. § 1028A.  The Statement by

Defendant in Advance of Plea of Guilty ("Plea Agreement") executed by Mr. Flores includes the

following provisions:

> 8.      I know there is no appellate review of any lawful sentence imposed under a plea of guilty.  I also know I may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

> . . .

> 10.      Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the Government in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above.

> I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ, or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

> I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the Government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b).  However, I understand that the Government agrees that if it appeals my sentence, I am released from my waiver.

> I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(Criminal Case, Dkt. No. 214, at 3-4.)  Mr. Flores also agreed:

> 7.      I am satisfied with my lawyer.

> 8.      My decision to enter this plea was made after full and careful thought, with the advice of my lawyer, and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea.  I was not under the

influence of any drugs, medication, or intoxicants when the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

(*Id.* at 7.)

At the plea hearing on August 9, 2007, the Court conducted the following colloquy with

Mr. Flores:

> THE COURT: . . . Have you reviewed the appellate waiver that the defendant has agreed to in paragraph 10 with him?
>
> MR. BERARDI: Yes.
>
> THE COURT: Did you talk about that with him?
>
> MR. BERARDI: We went over the whole document, Your Honor, yes.
>
> THE COURT: Mr. Flores, do you feel like you understand the appeal waivers that you're agreeing to in paragraph 10?
>
> THE WITNESS: Yes, Your Honor.
>
> THE COURT: Do you want them explained further to you today here in open court?
>
> THE WITNESS: No, sir.
>
> THE COURT: Mr. Berardi, do you think we need to go over them?
>
> MR. BERARDI: No, Your Honor.  He understands that unless it is an illegal sentence his appeal is limited.
>
> . . .
>
> THE COURT: Okay.  Just so that you're clear, if you plead guilty today, we'll come in here for a sentencing.  One thing I look at are the Federal Sentencing Guidelines.  I am not bound to follow them, but often I do.  As I said earlier, in arriving at an appropriate guideline range, there are factual determinations made and most of them relate to the crime you committed and the details about it.
>
> Also, there may be some factual determinations made with respect to your previous criminal record.  They all add up to a criminal history category and an offense

level.  I get to that range and then I will sentence you.  Probably more likely than not I will sentence you within the range.  It may be at the low end of the range or maybe I will depart below it.  It is possible I could depart above it.

Whatever I do in that regard, according to this document, you have agreed with the U.S. Attorney's Office to not appeal any of that.  You're going to accept anything I do.

THE WITNESS: Yes.

THE COURT: Even if you have a good argument that I did it wrong.  I'm not saying you should do this or shouldn't do this, this is just what the document says.  If for some reason I sentence you above 20 years, you can appeal that.  Everything else you're waiving your appeal right to, even a thing we call, generally speaking, a habeas corpus appeal.  After you get in prison and you have exhausted whatever appeal rights you have, which are probably none, often prisoners then file a habeas corpus petition trying one more time to say that the sentence was wrong.  You're giving up that right too according to this document.

This is probably the most explicit appeal waiver that I have ever done.

MR. BERARDI: I am sorry, Your Honor.  I was talking and I don't think he heard your question.

THE COURT: You're not even allowed under this deal to file a petition for habeas corpus once you get incarcerated arguing that the sentence that I imposed was illegal.

Do you understand that?

THE WITNESS: Yes, Your Honor.

. . .

THE COURT: All right.

I went[sic] to emphasize one thing with you, Mr. Flores.  You don't have to take this deal.  I'm sure Mr. Hirata has explained that to you and your attorney.  This is something that you need to decide whether you want to do.  There is a plea agreement between you and the United States.  There is no agreement with the Court that the sentence is going to be a specific sentence.  As I sit here today, I don't know what it will be.  It appears that it is going to be at least two years based on the mandatory minimum for identity theft.  It is probably going to be some time above that.  I don't know if it will

be a lot of time above that or a little.  As I sit here, I don't know much about your case.  It sounds like you made fraudulent documents and that you tried to trade them for cash and you got caught.

Another thing is that everything that you have said here today at this hearing can't be used against you if you decide that you don't want to go ahead with this guilty plea.  There is a rule of evidence that forbids any statements you have made here today to be used against you ever, even though so far you have admitted under oath that you did some things.  If you don't like this appeal waiver, or if you don't like any other part of the deal, if you don't like the fact that you're pleading guilty to three counts of the indictment, or if there is anything about it that you feel that you're being dragged into or coerced into, anything that you think is unfair, you can tell me you want to rethink it and talk it over with Mr. Berardi and decide not to do it.  It is up to you.  It is your choice.

You should plead guilty only if it is the best way for you to proceed under the circumstances.

Do you understand all that?

THE WITNESS: Yes, Your Honor.

THE COURT: Okay.  Do you still think you want to plead guilty?

THE WITNESS: Yes, Your Honor.

THE COURT: The Court finds the defendant, Mr. J.C. Flores, to be competent and capable of entering informed pleas of guilty.  I find that his pleas are knowingly and voluntarily entered and that they are supported by an independent basis of fact containing each of the essential elements of the crimes charged in counts three, four and five.  I accept your pleas of guilty to those three counts, Mr. Flores, and you're adjudged guilty of counts three and four and five of, I take it, a superseding indictment.

(Change of Plea Tr. at 14-22.)

Mr. Flores was subsequently sentenced to a 65-month term of imprisonment.  (Criminal Case, Dkt. No. 231.)

## II.  Discussion

"A defendant's knowing and voluntary waiver of the statutory right to appeal and to collaterally attack his sentence is generally enforceable."  *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003).  The Tenth Circuit, in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc), set forth a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  *Id.* at 1325.

### A.      Scope of the Waiver

The Court looks at the plain language of the plea agreement to determine whether the disputed issue falls within the scope of the waiver.  *Hahn*, 359 F.3d at 1328.  In the Plea Agreement, Mr. Flores specifically waived his right to challenge his sentence by petitioning the Court under 28 U.S.C. § 2255:

> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ, or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

(Criminal Case, Dkt. No. 214, at 4.)  Thus, the waiver includes Mr. Flores's § 2255 motion. Furthermore, at the plea hearing, the Court explained at length that Mr. Flores would be not be able to bring a habeas corpus petition.  (Change of Plea Tr. at 18-19.)

### B.      Knowing and Voluntary Nature of the Plea

Next, to determine whether Mr. Flores knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the Rule 11 colloquy.  *Hahn*, 359 F.3d at

1325.  The Plea Agreement explicitly provides that Mr. Flores "knowingly, voluntarily and expressly waive[d]" his right to bring a motion under § 2255.  (Criminal Case, Dkt. No. 214, at 4.)  Mr. Flores also acknowledged that he carefully considered whether to enter a plea of guilty, "with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea."  (*Id.* at 7.)

During the plea colloquy, the Court ensured that Mr. Flores's counsel had reviewed the Plea Agreement with Mr. Flores and answered any questions he had.  (Change of Plea Tr. at 14.)  After fully explaining that Mr. Flores could not challenge his sentence by bringing a habeas corpus petition, the Court told Mr. Flores that he should not plead guilty if he felt in any way that he was being coerced or if he did not like any part of the Plea Agreement, including the appeal waiver.  (*Id.* at 17-20.)  The Court asked Mr. Flores if he still wanted to plead guilty, and Mr. Flores indicated that he did.  (*Id.* at 20.)  Based on the foregoing, the Court finds there is nothing in the record to suggest that Mr. Flores was not fully informed, or that his plea or waiver of appeal rights was unknowing or involuntary.

## C.    Miscarriage of Justice

Finally, the Court must determine whether enforcing the waiver will result in a miscarriage of justice.  *Hahn*, 359 F.3d at 1327.  The Tenth Circuit has identified four such occasions: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful."  *Id.*  The burden is on the defendant to demonstrate that the waiver

results in a miscarriage of justice. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Mr. Flores has not alleged any facts that would implicate any of these factors. In his § 2255 motion, Mr. Flores does not claim that he was provided with ineffective assistance of counsel. The Court never relied on race in this case, nor does the sentence imposed exceed the statutory maximum. Finally, there is nothing in the record to suggest that the waiver is unlawful. Based on the foregoing, enforcement of the waiver will not result in a miscarriage of justice.

Mr. Flores's § 2255 motion is foreclosed by his waiving his right to challenge his sentence by bringing a habeas corpus petition. Furthermore, the evidence in this case established that Mr. Flores was clearly the leader in a check counterfeiting scheme. *See* Presentence Report, ¶¶ 13-14. Mr. Flores taught his co-conspirator how to counterfeit checks. *Id.*, ¶ 14. Second, Mr. Flores's complaint that the restitution amount "was given without any proof or accounting," § 2255 Motion, 6, is without merit. The government submitted a spreadsheet itemizing each and every counterfeit check comprising the $29,139.58 ordered by the Court. The Court thus finds that enforcement of the waiver does not "seriously affect the fairness, integrity or public reputation of the judicial proceedings" in this case. *See United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005) (finding that enforcement of an appeal waiver was proper). Mr. Flores's 28 U.S.C. § 2255 motion is DENIED.

IT IS SO ORDERED.

Dated this 25th day of August, 2008.

_____
Dee Benson
United States District Court Judge